IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


TIMOTHY R. JOHNSON,             :
                                :
        Plaintiff                :
                                :
    v.                          :    CIVIL NO. 3:CV-09-886
                                :
JEFFREY BEARD, ET AL.,          :    (Judge Conaboy)
                                :
        Defendants               :
_____

**MEMORANDUM**

**Procedural History**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Timothy R. Johnson during his prior confinement at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon).[1] An Amended Complaint was filed by Johnson on February 22, 2010. See Doc. 46.

By Order dated July 22, 2010, Inmate Daniel Manchas, III was granted leave to be joined as a Plaintiff in this matter. Manchas' request asserted that he had been subjected to the same alleged unconstitutional conditions of confinement as Johnson. See Doc. 75, p. 2. Plaintiff Manchas is still confined at SCI-Huntingdon.

By Memorandum and Order dated March 15, 2011, this Court partially granted a motion to dismiss the Amended Complaint filed by the Commonwealth Defendants. See Doc. 93. Defendant Shoaf's

---

1. Johnson was later transferred to the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview).

1

motions to dismiss the claims of the respective Plaintiffs were granted by Memorandums and Orders dated March 22, 2011 and August 23, 2011. The August 23, 2011 Order specifically noted that Manchas' conditions of confinement claims against Defendants Lawler, Garman, Ewell, Williams, and Glorioso would proceed.

By Order dated March 8, 2012, Plaintiff's Johnson's surviving claims were dismissed for failure to prosecute. The Order noted that the surviving claims of Remaining Plaintiff Manchas would proceed.

Presently pending is the Remaining Defendants' motion seeking entry of summary judgment as to the claims raised by Manchas. See Doc. 184. Also pending are Manchas's cross summary judgment motion (Doc. 190) and his second motion requesting leave to file a second amended complaint. (Doc. 187).

**Manchas' Claims**

Remaining Defendants are the following SCI-Huntingdon employees: Superintendent Lawler; Unit Manager Garman; Safety Manager B. M. Ewell; Utilities Manager Curtis Williams; and Herve Glorioso of the Food Services Department.

The Amended Complaint initially claims that the SCI-Huntingdon cells are not large enough to accommodate two inmates and the prison's screening process which determines which inmates should be celled together is flawed. See Doc. 46, p. 5. In addition, the cells are described as having: poor plumbing, mold, insufficient storage space, poor ventilation, and contaminated drinking water. It is further asserted that the cells are rodent

2

and insect infested and lack window screens as well as radiator covers.

Next, it is alleged that the SCI-Huntingdon chapel is deficient because it lacks a rest room and running water. Plaintiffs also generally contend that the prison's kitchen: is unsanitary due to insect and rodent infestation; has poor conditions in its rest room; serves outdated, non-nutritious, and freezer burned food; and kitchen workers engage in unsanitary handling of food. The Amended Complaint also claims that SCI-Huntingdon has numerous fire and safety code violations, the powerhouse gives off unhealthy emissions, and deficient medical and psychiatric treatment is provided to its inmates.

## Summary Judgment

## Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v.

3

Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Manchas' Cross Summary Judgment**

On May 2, 2013, Plaintiff Manchas filed a cross summary judgment motion. See Doc. 190. Along with his motion the Remaining Plaintiff filed a statement of disputed facts (Doc. 191) and a supporting declaration (192).

4

M.D. Pa. Local Rule 7.5. requires that a party who files a pretrial motion must submit a brief in support of said motion within fourteen (14) days of its being filed with the court. If a supporting brief is not timely filed, "such motion shall be deemed to be withdrawn." A review of the docket establishes that the Remaining Plaintiff has not filed a brief in support of his motion.

Moreover, Manchas' pending motion does not set forth any argument as to why summary judgment should be entered in his favor. On the contrary, his motion asserts that "there are material facts that are genuinely disputed" and "there exists genuine issues to be tried," assertions which if proven would preclude entry of summary judgment. Doc. 190, p. 1.

Since Plaintiff has failed to submit a supporting brief as required by Local Rule 7.5, and his motion offers no basis whatsoever as to why entry of summary judgment in his favor is appropriate, his motion seeking entry of summary judgment (Doc. 190) will be deemed withdrawn.

**Remaining Defendants**

The five (5) Remaining Defendants raise two arguments asserting that they are entitled to entry of summary judgment. First, they contend that the claims against them in their official capacities are precluded because they are entitled to sovereign immunity under the Eleventh Amendment.

Second, they contend that Manchas has not set forth sufficient factual averments to allege personal involvement by the Remaining Defendants in any violations of his constitutional rights.

5

**Eleventh Amendment**

Remaining Defendants contend that the claims for money damages against them in their official capacities must be dismissed because they are entitled to immunity under the Eleventh Amendment. See Doc. 189, p. 13.

The Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages. Walker v. Beard, 244 Fed. Appx. 439, 440 (3d Cir. 2007); see also A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003). Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency. Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989); Garden State Elec. Inspection Serv. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005).

As such, Manchas' damage claims brought against Remaining Defendants in their official capacities are considered to be against the state itself and are barred by the Eleventh Amendment.[2]

**Personal Involvement**

By Order dated July 22, 2010, this Court granted Manchas' motion to be joined as a Plaintiff in this matter. The Order noted that Manchas and Original Plaintiff Johnson were housed in the same units and as such Manchas' conditions of confinement claims

---

2. Freeman's claims for injunctive and declaratory relief against Corrections Defendants in their official capacities, however, are not barred by the Eleventh Amendment. See Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

appeared to be based upon "a common set of facts as those asserted by Johnson."  Doc. 75, p. 3.

This Court's March 15, 2011 Memorandum and Order stated as follows:

> Based upon an application of the standards developed in Farmer and a liberal reading of the pro se Amended Complaint, adequate factual averments are set forth which could arguably establish that Remaining Corrections Defendants Lawler, Garman, Ewell, Williams, and Glorioso had personal knowledge of unconstitutional conditions of confinement which existed at SCI-Huntingdon and failed to take appropriate corrective measures to protect the safety of Plaintiffs Johnson and Manchas.  The request for dismissal on behalf of Defendants Lawler, Garman, Ewell, Williams, and Glorioso on the basis of factual insufficiency will be denied.

Doc. 93, p. 11.

A condition of confinement, in order to implicate the Eighth Amendment, must be soreprehensible as to be deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measure of the necessities of life.  See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991).  An Eighth Amendment claim against a prison official must meet two requirements:  (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."[3]  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  In prison conditions cases,

---

3.   Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001).  This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

7

"that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. In reviewing this type of claim the courts have stressed that the totality of the circumstances are crtical to a finding of cruel and unusual punishment.

The pending summary judgment motion generally reasserts the same argument that was previously considered and rejected by this Court's March 15, 2011 Memorandum and Order.

This Court agrees that Manchas can only pursue claims relating to his own personal situation. However, this Court has already determined that given the totality of those conditions of confinement, if proven, could rise to the level of a constitutional violation. Since the pending summary judgment does address the merits of those claims, there is no basis for entry of summary judgment.

**Motion to Amend**

Plaintiff Manchas has also filed a motion requesting leave to file a second amended complaint. His motion asserts that the amended complaint filed by former Plaintiff Johnson was defective. Manchas also asserts that he wishes to drop Garmen and Glorioso as Defendants and provide clarification to the conditions of confinement claims previously raised.

Federal Rule of Civil Procedure 15(a) provides:

**(a) Amendments Before Trial.**

(1) **Amending as a matter of course**. A party may amend its pleading once as a matter of course:
 (A) 21 days after serving it; or
 (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

8

> service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

As previously noted an Amended Complaint was filed in this matter on February 22, 2010 therefore based upon an application of Rule 15(a), Plaintiff cannot file an Amended Complaint as a matter of course.

However, Rule 15(a)(2) additionally provides that in other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule adds that "[t]he court should freely give leave when justice so requires." There is no indication that any of the Remaining Defendants have provided written consent to Manchas' proposed submission of a second amended complaint. In fact, as previously discussed those Remaining Defendants have filed a summary judgment motion.

By Order dated February 21, 2013, this Court denied a prior request by Manchas for leave to submit a second amended Complaint. See Doc. 180. In that request, Manchas sought to add new defendants, reassert claims against defendants who had already been granted dismissal and add entirely new claims. See id. at p. 3.

As previously noted by this Court, Inmate Manchas has been a party to this action since July 22, 2010. The pending second motion to amend was not filed until April 30, 2013, almost three years after he joined this action. Accordingly, this Court agrees that there are clearly timeliness issues given the advanced stage of these proceedings. Due to the age of these proceedings, Manchas will not be permitted to submit a second amended complaint.

However, the Court will grant Manchas' incorporated request to voluntarily dismiss his claims against two of the five Remaining Defendants, Garman and Glorioso, as well as his conditions of confinement claims with the exception of two allegations, namely, that Manchas was exposed to unconstitutional powerhouse emissions (Doc. 46, p. 7.) and second, that there were leaks in the ceiling and floors of his cell which caused mold (Doc. 46, p. 5-6.) and went uncorrected.  An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 26, 2013